# EXHIBIT J

# Business Valuation Discounts and Premiums

## Second Edition

SHANNON P. PRATT

WILEY

John Wiley & Sons, Inc.

Case 3:23-cv-00545 Document 40-11 Filed 08/08/23 Page 2 of 3 PageID #: 778

Most decision makers, analysts, and courts would rather have an empirical basis for justifying both the reality and the quantification of the premium or discount rather than just an opinion, with nothing to support the analyst's judgment. For the most part, such data are available only in the public market.

## HOW THE STANDARD OF VALUE AFFECTS DISCOUNTS AND PREMIUMS

The four primary standards of value that we use for various valuation purposes are

1. Fair market value
2. Investment value
3. Fair value for shareholder disputes
4. Fair value for financial reporting

While these standards of value are well defined in the appraisal literature, they often are used much more loosely (or ambiguously) in court opinions, especially in family law courts. It is important that the analyst, the attorney, and the court agree on the relevant standard of value, because it may mandate or influence the applicability of certain discounts or premiums, especially with respect to the issue of minority/control and marketability.

### FAIR MARKET VALUE

Fair market value is a concept of value in exchange. It is defined as "the net amount that a willing purchaser, whether an individual or a corporation, would pay for the interest to a willing seller, neither being under any compulsion to buy or to sell and both having reasonable knowledge of relevant facts."[7] It is assumed to be a cash value.

It is important to note that the buyer and seller are "hypothetical," as opposed to any one specific, identified buyer or seller. This is intended to eliminate the influence of one buyer's or seller's specific motivations. However, if there is an active group of competing buyers or sellers with a common set of motivations, this group could constitute the market in which the "hypothetical" buyer and seller might meet to transact, and thus the price that the group would find acceptable could constitute fair market value.

Fair market value is the statutory standard of value for all federal tax cases.[8] It often is the standard of value in bankruptcy proceedings. In some states, precedential case law has established fair market value as the standard of value in property valuations for divorce. The analyst or lawyer must be very careful, however, in the divorce context, because court opinions often use the phrase "fair market value" and then go on to actually apply a standard that is different from the one defined here. Except in Ohio, fair market value is *not* the standard of value in dissenting-stockholder or minority-oppression cases.

Under the standard of fair market value, the focus must be on the specific property (ownership interest) being valued, basically "as is," including control and marketability characteristics. Therefore, minority interests in closely held corporations or partnerships are valued to reflect lack of control and lack of marketability characteristics.